IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Cr. No. 6:02-1051-HMH |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Mickey Dwayne Taylor, | ) | |
| | ) | |
| Movant. | ) | |

This matter is before the court on Mickey Dwayne Taylor's ("Taylor") motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. After a thorough review of the facts and pertinent law, the court summarily dismisses Taylor's § 2255 motion.

I. FACTUAL AND PROCEDURAL BACKGROUND

On September 2, 2003, Taylor pled guilty to one count of conspiracy to possess with intent to distribute methamphetamine and methylenedioxy-methamphetamine ("MDMA"), one count of possession with intent to distribute MDMA, and one count of possession with intent to distribute methamphetamine. On March 18, 2004, the court sentenced Taylor to three hundred sixty months' imprisonment. Taylor appealed his conviction and sentence. On April 16, 2007, the United States Court of Appeals for the Fourth Circuit affirmed Taylor's convictions but vacated his sentence and remanded for resentencing in light of United States v. Booker, 543 U.S. 264 (2005). United States v. Taylor, No. 04-4247, 2007 WL 1118291, at *3 (4th Cir. Apr. 16, 2007) (unpublished). On September 17, 2007, Taylor was sentenced to 211 months' imprisonment. Taylor appealed and the Fourth Circuit affirmed his sentence on October 14, 2008. United States v. Taylor, No. 07-4969, 2008 WL 4570465, at *1-2 (Oct. 14, 2008) (unpublished). Taylor filed the instant § 2255 motion on December 1, 2009.[1] In his § 2255

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

motion, Taylor alleges that his counsel was constitutionally ineffective for failing to challenge the sufficiency of the evidence and the constructive amendment of the indictment and that his sentence fails to comply with Booker. (Taylor Mem. Supp. § 2255 Mot., generally.)

## II. Discussion of the Law

Taylor's argument that counsel was ineffective for failing to challenge the sufficiency of the evidence and the constructive amendment of the indictment on appeal is wholly without merit. (Taylor Mem. Supp. § 2255, generally.) In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Taylor must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. With respect to the second prong, Taylor must demonstrate a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

On direct appeal, Taylor's counsel challenged whether Taylor's plea was knowing and voluntary. The Fourth Circuit found that Taylor knowingly and voluntarily pled guilty. Taylor, 2007 WL 1118291, at *1. "A voluntary and intelligent plea of guilty is an admission of all the elements of a formal criminal charge . . . and constitutes an admission of all material facts alleged in the charge." United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993) (internal quotation marks and citations omitted). "Furthermore, a guilty plea constitutes a waiver of all nonjurisdictional defects . . . including the right to contest the factual merits of the charges." Id.

(internal quotation marks and citations omitted). Likewise, allegations of a defective indictment based on constructive amendment are waived by pleading guilty. United States v. Bieganowski, 313 F.3d 264, 286-87 (5th Cir. 2002). Taylor's appellate counsel unsuccessfully challenged the voluntariness of Taylor's plea on appeal. Given that Taylor voluntarily and knowingly pled guilty, counsel lacked any basis to object to the sufficiency of the evidence and the constructive amendment of the indictment because Taylor has waived these claims. Therefore, this claim is without merit.

Lastly, Taylor alleges that his case should be remanded for resentencing for failure to comply with Booker because the drug quantity attributed to Taylor was based on facts found by the court, instead of the jury. (Taylor § 2255 Mot. 25-26.) Taylor was initially sentenced prior to Booker to 360 months' imprisonment. On appeal, Taylor argued, in part, that he was sentenced in violation of Booker. The Fourth Circuit agreed, affirming Taylor's convictions but remanding for resentencing in compliance with Booker. Taylor, No. 04-4247, 2007 WL 1118291, at *3. On remand, Taylor was sentenced to 211 months' imprisonment. Taylor appealed and challenged his sentence. The Fourth Circuit found that the sentence imposed by the court was properly calculated and reasonable. Taylor, No. 07-4969, 2008 WL 4570465, at *1-2. Taylor cannot relitigate issues on collateral review that have already been decided by the Fourth Circuit. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976). The Fourth Circuit stated that "[t]he district court correctly calculated Taylor's Guidelines range, which resulted from both the drug quantity determination and Taylor's status as a career offender . . . ." Taylor, No. 07-4969, 2008 WL 4570465, at *1. The Fourth Circuit found no error with the drug quantity determination.

Further, contrary to Taylor's argument, the court has the authority to resolve factual disputes under the preponderance of the evidence standard of proof under the advisory guidelines. United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005). "[A] sentencing court is entitled to find individualized drug quantities by a preponderance of the evidence, as part of its calculation of an advisory Guidelines range, so long as its resulting sentence is within the relevant statutory range." United States v. Brooks, 524 F.3d 549, 562 (4th Cir. 2008). Taylor's sentence was within the statutory maximum sentence. Therefore, this claim is without merit.

It is therefore

**ORDERED** that Taylor's § 2255 motion is summarily dismissed.

**IT IS SO ORDERED**.

                                              s/Henry M. Herlong, Jr.
                                              Senior United States District Judge

Greenville, South Carolina
December 10, 2009

## NOTICE OF RIGHT TO APPEAL

The Movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.